UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lacey L. Kirk,　　　　　　　　　　　　　　　　　Case No. 1:18-cv-2406

　　　　　　Petitioner

　　v.　　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION AND
　　　　　　　　　　　　　　　　　　　　　　　　ORDER

Eric Ivey,

　　　　　　Respondent

## Introduction

*Pro se* Petitioner Lacey L. Kirk filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. According to the Petition, Kirk is a pretrial detainee incarcerated at the Cuyahoga County Justice Center in connection with Cuyahoga County Court of Common Pleas case number CR-15598476-A ("Criminal Case"), and he attaches the Criminal Case docket to the Petition. (Doc. 1 at 2; Doc. 1-1). The public docket in the Criminal Case indicates that approximately one week after he filed the Petition, Kirk was convicted by a jury on certain counts in the indictment and found not guilty on other counts. *See Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 455 (N.D. Ohio 2012) (the court may take judicial notice of a state court docket because it is a public record and plaintiff refers to and/or attaches the public record to the complaint) (citation omitted). The Criminal Case docket indicates that Kirk filed a notice of appeal (Court of Appeals case number CA-108136) on January 18, 2019. In the Petition, Kirk claims, among other constitutional grounds, that his right to speedy trial has been violated, and asks this Court to dismiss the indictment against him and order his release. (Doc. 1 at 8).

## STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief on claims by a state pre-trial detainee if he is custody in violation of the laws or treaties of the United States. *Phillips v. Hamilton Cty. Court of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012). I must conduct a preliminary review of the Petition and determine whether it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" Rule 4, Rules governing § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)). If so, I must summarily dismiss the Petition. Rule 4; *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

## ANALYSIS

While exhaustion of state court remedies is not a statutory requirement for § 2241 habeas petitions, caselaw has superimposed the same exhaustion requirements as in 28 U.S.C. § 2254 "to accommodate principles of federalism." *Phillips*, 668 F.3d at 810 n.4 (internal quotation marks and citations omitted). The requirement of exhaustion provides state courts with the first opportunity to examine and resolve constitutional issues arising within their jurisdiction. *See Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) ("A body of case law has developed holding that although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner.") (citations omitted). These considerations are "especially forceful in a situation involving a speedy trial claim." *Id.* Kirk does not allege in the Petition that he has exhausted the state court remedies available to him. (*See* Doc. 1 at 6-8). Therefore, I dismiss Kirk's Petition without prejudice for failure to exhaust his claims in state court.

Even if Kirk had exhausted his state court remedies, the issue of the legality of Kirk's pretrial detention became moot after he was convicted. *See McCann v. Trombley*, No. 05-CV-72556-DT, 2007

WL 2318730, at *15 (E.D. Mich. Aug. 10, 2007) (a petitioner's challenge to pre-trial confinement is moot and not cognizable on habeas review once the petitioner has been convicted) (citations omitted). Indeed, Kirk's trial and conviction in the Criminal Case has "changed the posture of this proceeding, such that the only possible habeas relief at this point in time would appear to involve the conversion of petitioner's § 2241 petition into a § 2254 petition and, ultimately, the overturning of his conviction." *Hollis v. Dickson Cty., Tenn.*, No. 3:10-0223, 2011 WL 6942939, at *4 (M.D. Tenn. Nov. 30, 2011), *report and recommendation adopted,* No. 3:10-0223, 2012 WL 13778 (M.D. Tenn. Jan. 4, 2012). Thus, Kirk's conviction after the Petition was filed renders his habeas claims premature while his direct appeals are pending in state court and there is nothing to suggest that Kirk will be unable to raise his speedy trial and other constitutional claims on direct appeal. *See id.* (citing *Miller v. Glanz*, 331 F. App'x 608 (10th Cir. 2009)). Accordingly, I dismiss the Petition for this additional reason.

## Conclusion

For the reasons stated above, I dismiss Kirk's petition under 28 U.S.C. § 2241 without prejudice pursuant to 28 U.S.C. § 2243, with leave to refile upon exhaustion of his state court remedies. I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

                                          s/ Jeffrey J. Helmick
                                          United States District Judge